Filed 09/12/23

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street, PO Box 187
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01962

| Handy's Hotels and Rentals LLC v. Bianca Walton |
|---|

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss; Motion for Writ of Possession ;  (Motion: 4; 3)
Filer:       Bianca Walton; Handy's Hotels and Rentals LLC
Filed Date:  August 10, 2023; August 22, 2023

This is an eviction action involving Section 8 housing. Defendant moves to dismiss for lack of a notice pursuant to the federal Violence Against Women Act (VAWA).  The federal regulations provide that tenants in Section 8 housing must be given a notice about their VAWA rights at various times, including "[w]ith any notification of eviction or notification of termination of assistance. . ." 24 C.F.R. § 5.2005(a)(2)(3). There is no dispute that no such notice was provided by landlord with the eviction notice here. Nor is there any evidence that the housing authority provided such a notice.

Landlord responds that the duty falls on the housing authority, not the landlord. The regulations are admittedly convoluted and could use a plain English rewrite. The issue is who constitutes the "covered housing provider" here.  Id. § 5.2005(a)(1). Landlord notes that the regulation defines that term as  including whatever person or entity "has responsibility for the administration and/or oversight of VAWA protections"

and includes housing authorities as well as property owners. Id. § 5.2003[1]. It goes on to argue that "responsible entity" is the housing authority for the type of Section 8 program at issue here, although it is the property owner for some other programs. Id. § 5.100. However, the term "responsible entity" is not used in Section 5.2005. Even if one reads it into that section's reference to "the individual or entity that has responsibility," it makes no sense to say that this particular duty rests with the housing authority. To send the VAWA notice ""[w]ith any notification of eviction" one must be the person or entity sending the notification of eviction. It is the property owner who did that here, not the housing authority. Id. § 5.2005(a)(2)(3). The duty must fall to that entity. This is consistent with the provision of the regulations stating that "[f]or any of the covered housing programs, it is possible that there may be more than one covered housing provider; that is, *depending upon the VAWA duty or responsibility to be performed* by a covered housing provider, *the covered housing provider may not always be the same individual or entity.*" Id. § 5.2003 (emphasis added)

<u>Order</u>

The motion is granted. The case is dismissed without prejudice. The motion for possession is moot.

Electronically signed on September 12, 2023 pursuant to V.R.E.F. 9(d).

Helen M. Toor
Superior Court Judge

---

[1] Landlord cites Section 5.100 for this provision, but it is not found there. It appears at Section 5.2003.